causes of action can now proceed, the district court may well take a different view in balancing the factors pertinent to the forum non conveniens determination. In particular, the balance of the public and private law factors pertinent to the forum non conveniens analysis on CTHL's state law claims, *see, e.g., Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir.2001), may be affected if some causes of action remain in federal court, because CTHL's state law claims share some facts, and are therefore likely to require some similar discovery, with the RICO and Orion state law causes of action. Also, our choice of law determination with regard to the RICO cause of action could possibly be of some significance in balancing the pertinent factors. *Id.* at 1148 (noting that a court must make a choice of law determination before dismissing a case on forum non conveniens grounds, but that the circumstances in which choice of law is of determinative significance are limited).

By pretermitting the forum non conveniens inquiry, we mean to state no view as to whether the RICO claim will be adequately repleaded on remand or whether the forum non conveniens analysis will necessarily reach a different result because of today's rulings. We leave those issues for the district court to address in the first instance.

## Conclusion

The judgment of the district court is REVERSED with respect to Orion's state law trade libel/defamation and intentional interference with prospective economic advantage causes of action and CTHL's RICO claim, and REMANDED for further proceedings. The judgment is VACATED with respect to the forum non conveniens dismissal and REMANDED for reconsideration of that issue in light of this opinion.

REVERSED in part, VACATED in part, and REMANDED. Costs are awarded to the appellant.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patricia King HILL, Defendant–Appellant.**

**No. 00–30023.**
**D.C. No. CR–99–60010–1–HO**

United States Court of Appeals, Ninth Circuit.

Filed Oct. 22, 2001

Before: T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

*Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410 (3d Cir. 1999) (holding that a Hong Kong corporation is properly regarded as a "subject of" the United Kingdom for purposes of alienage jurisdiction); *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir.1998) (same); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir.1990) ("Certainly, the exercise of American judicial authority over the citizens of a British Dependent Territory implicates this country's relationship with the United Kingdom—precisely the raison d'etre for applying alienage jurisdiction."). Only the Second Circuit has taken the view advocated by Goodyear. *See Matimak Trading Co. v. Khalily*, 118 F.3d 76 (2d Cir.1997) (holding that citizens of BDTs are neither citizens nor subjects of a foreign state); *but cf. Koehler v. Bank of Bermuda*, 229 F.3d 187 (2d Cir.2000) (Sotomayor, J., dissenting from denial of reh'g en banc).

## ORDER

The Opinion filed July 27, 2001, is withdrawn.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charlie HIGHSMITH, Defendant–**
**Appellant.**

**No. 00–30182.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001

Filed Oct. 23, 2001

William A. D'Alton, Brown Law Firm, P.C., Billings, Montana, for the defendant-appellant.

James E. Seykora, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Before: BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

We have jurisdiction pursuant to 28 U.S.C. § 1291. In a separate memorandum disposition we affirmed on all issues raised in this appeal but one. As to that issue, we conclude that the district court erred when it found that the defendant was in constructive possession of a weapon and applied a sentencing enhancement. Accordingly, we vacate the sentence and remand for resentencing.

We review the district court's factual findings in the sentencing phase for